191826 Newton Covenant Church et al. v. Great American Insurance Co. Good morning, your honors, and may it please the court. I'm Kimberly Whaley on behalf of the appellants, the individual insured, as well as the organization that's insured under the policy. There are two big issues here in this case. One has to do with the federal notice pleading standards and the district court's clear findings of fact on a motion to dismiss, which is plainly improper under Twombly, Iqbal, and the progeny for Rule 8. The second has to do with the duty to defend under Massachusetts law, which is well established, and the duty to defend does not hinge on the outcome of the underlying case filed against my clients in Suffolk County Court. The question in all 50 states on duty to defend has to do with what was in the complaint on March 17, 2017, when that case was filed. Well, apropos of that point, at that point of the complaint, wasn't it the case that your clients were claiming to be part of the named insured, so that they would run afoul of the preclusion of any what was it, inter-insured claims. One faction was suing another faction, but each faction claimed to be the named insured. So if your clients were claiming to be the named insured, why doesn't that limitation in the policy apply to them so that there would be no coverage and no duty to defend? Okay, so two points there. One is that, of course, that case wasn't about insurance law. That case was about ecclesiastical law and the question of whether the bylaws that did give authority to my clients to make decisions with respect to the congregation was superseded by the mother church, so to speak. So that's number one. That's not very responsive. Well, the issue with insured versus insured, two things. One is, the presbytery looks at the complaint. In the complaint, your clients took the position that they were members of the true congregation, which you say makes them insured. But a reasonable insurer looking at that would think that they were claiming to be insured. So we get back to Justice Souter's question about the exclusion for insured versus insured claims. So, of course, the standard for duty to defend is not what the insurance company reasonably believed, but the possibility of coverage. Okay, now why doesn't that exclusion take care of this case? Okay, so under the terms of the policy, there's one organization, and on the date of the complaint, there was only one organization. That was NPC. So it would be impossible for the NPC to sue itself. The very question in the underlying case was whether the true NPC is on the P side of the V or the D side of the V in that underlying case. So they're both claiming to be the true NPC. Why isn't that the classic description of a factional dispute, or more technically, insured suing insured? I don't think you can blame that reality. That's exactly what was going on here. Well, certainly for purposes of duty to defend, the question then would be an inappropriate resolution on a motion to dismiss if there is a factual dispute. But our position is there is not a factual dispute. That's all apparent from the face of the complaint. The allegations in the complaint describe that very scenario, faction against faction. Well, we also have the complaint naming 11 individual insureds. The policy has wide language protecting individual insureds. The district court and the complaint admitted that the individual insureds were former members. So they're covered. The question then would become whether what they did was wrongful conduct when they were still members. And the complaint is rife with allegations. I would direct the court to pages 57 and 58 of the appendix. It indicates that between the time that the Mother Church determined there was a schism and between the time that it made a final determination internally as to the true church, there were 34 days that my client's individuals were alleged to have engaged in wrongful acts. That gave rise to a duty to defend them. That's what this policy is. The identification question, who's the true insured, is irrelevant to the question of the duty to defend. And the policy here was very broad. They had an obligation on Act 29 to defend even if, I'm quoting, allegations are groundless, false, or fraudulent. The standard is very low for duty to defend. I understand you to be arguing that because some of your clients were former officers and you say they are insureds in that capacity, that that somehow takes them out of the insured versus insured exclusion? The insured versus insured? Yes or no? Yes. Are you making that argument? I'm not making the argument that... Okay, then what was that in service of? Well, my argument is if you look at the insured versus the insured question, you have to look at who is named in the policy. They were certainly insureds on the D side of the V. The question is who's the insureds on the P side of the V. There are two. Presbyterian of Boston, there's no question they are not insured. That's undisputed. And there actually is case law, I apologize it's not cited in our brief, but there is case law out of the Central District of California to suggest if there is one insured that is actually, if there's one claim between parties that is not covered by an insured versus an insured exclusion, the entire case has to be defended. That's number one. Number two is the question in the Suffolk County case was who is the true insured? And at the time the complaint was filed, there was one church. There was one congregation. My clients were part of that congregation. There was one corporate ID number. They all had been in the property, worshiping in that property. That was the issue. And when, as we allege, when they made the claim, please defend us, that's all the claim is. Please defend us. Just the way you describe that, it sounds like they're all claiming to be the true church. I mean, it's the breakaway, it's the remaining 20% claiming that they are the true owners against the 80% who have broken away. And actually at the time the lawsuit is filed, that breakaway group doesn't even have a new name yet. It's still an intra-church dispute. Exactly. And that's precisely why there was a duty to defend. Because there was a possibility of coverage. There's a good faith dispute on the merits of that complaint. And regardless of who was the, quote, true church for NPC purposes, the individual defendants were members, former members. That is undisputed. And of course, the record also shows that for nine months after the filing of that complaint, the insurance company cashed checks for premium payments from my clients. My clients had, when they turned a blind eye to their obligations under the contract, they had to reach into their personal pockets and defend this lawsuit. This policy is not identification. There has to be a reason for this exception for insured versus insured. And these disputes within congregation of churches are not uncommon. For the most part, the civil courts stay out of that. But what else was this exclusion addressed to, if not precisely this sort of dispute? Well, the exclusion refers to organizations and subsidiaries. So it's possible. I mean, clearly, I understand it has other coverage, but this seems to be the archetypal question that the insurance company put everybody on notice that they were not going to provide coverage. Well, of course, that isn't the question. If they take the position that there's no coverage, that's not the question on duty. I know that the exclusion means plainly there is no duty to defend. Well, the exclusion, of course, is a contract. And so we have to apply the plain language of the exclusion. The individual insured on the face of the exclusion are not covered. So the question is whether the two plaintiffs would qualify. The Presbyterian of Boston, they're out. That's undisputed. So then the question becomes whether NPC as plaintiff, which was at that moment, not even a legal entity. It was a nominal plaintiff that was added by the Presbyterian of Boston. In that moment, NPC was actually, for purposes of the corporate ID number, on the defendant's side. So on your theory, the insurance company has to represent both factions in this and provide coverage to both. Is that correct? No, Your Honor, because it's a duty to defend. So you wouldn't be coverage for prosecuting the case. There'd be coverage for defense. Wasn't there a counterclaim? Not to my knowledge, Your Honor. No, there was not a counterclaim. So the question, you would have to torture the language of the exclusion to say NPC is suing itself. That clearly couldn't have been the intent of the parties. If there were a subsidiary that were on the P side of the V that had sued and joined the Presbyterian of Boston, then there would be a clear exclusion, IBI exclusion. If the insurance company had included in the exclusion the individual insurers and one of the members had joined the lawsuit, there would have been, of course, the exclusion. But all of these contract terms, as you know, are construed in favor of the insured, not the insurer. And of course, we are talking about Rule 8, low notice pleading. Was there a claim alleged? Not who should win on the merits of a disputed question of fact. And of course, on the underlying claim, the question again, snapshot is March 17, 2017. What happened to that entity in terms of name changes? What happened to that case is not at all relevant. It does not write retroactive to the notice to the insurer that these individuals deserved a defense that they paid for through nine months, days before the court issued its decision on summary judgment. And if there are no further questions, I'll reserve the remaining time for rebuttal. No, whether you get reserve time is a decision for the court. I apologize. If your opponent says something that surprises you, I'll give you a minute at that point. Thank you, Your Honor. Thank you. Good morning. May it please the court. Ashley Strikely for Appellee Great American. I'd like to begin by pointing out one critical and undisputed fact, which is that the plaintiff Newton Covenant Church in this case is a different entity than the defendant Newton Covenant Church in the previous case. This Newton Covenant Church before us today was formed on April 25, 2018. It has a two-year history, not a 122-year history, as is alleged in the briefs and in the It was formed after the state court case began, after final judgment entered in the state court case, and after the Great American policy at issue expired. Because it did not exist during the state court case, the plaintiff Newton Covenant Church here could not possibly have been owed a duty to defend the allegations levied against the defendant's Newton Covenant Church in Council, can I ask you a procedural question? It does appear that the district court in making its decision factored not only the allegations in the underlying complaint, but referred to the outcome of that lawsuit, referred to a decision that was made deciding who really was the true owner of the property. What would be the justification for factoring in the outcome of that underlying litigation, the decision that was rendered into his decision that the motion to dismiss should be granted? That seemed odd and inappropriate to do that. Thank you, Your Honor. In the context of the lower court's decision on the motion to dismiss, I would say that any reference to the outcome of the state court litigation was background material and included in the complex history of this case. But it seemed to actually inform, you say it's just background, it seemed to inform the decision that he made. That seems like it's more than background, it is factoring into the decision to grant the motion to dismiss. I believe Your Honor may be referring to the part of the district court's opinion that references the unauthorized vote and name change. Those were actually allegations in the state court complaint. I believe that is what is referenced in the district court's decision. That goes directly to what was said previously, which is when evaluating an insurer's duty to defend, a court matches the allegations in the complaint up with the policy provisions. And that, in our view, is what the district court was doing when it referenced the unauthorized name change and vote. It wasn't necessarily hinging its decision. But in the complaint, that's only an allegation. You can't take that as a given that the plaintiffs here, defendants in the suit below, were unauthorized to claim that they were the true owners of the church. And in breaking away in the way that they did, that they were not authorized to do that. You can't factor the truth of that allegation into the issue of whether there was a duty to defend. Thank you, your honor. I think that that is correct. And I don't think the district court did that. I think it credited that as an allegation made in the state court complaint, and sort of froze that moment in time when Great American was making its evaluation as to coverage, whether the allegations made out a reasonably susceptible claim for coverage under the policy. It also goes to the exclusion. Whether authorized or unauthorized, it appears to fit within the exclusion. And as I understood it, the issue before the district court was not merely duty to defend. It was also indemnity. And maybe the court mixed them a little bit. But I think the opening of his opinion refers to both sorts of costs arising here. That's correct, your honor. Thank you. It does go to the insured versus insured exclusion. And whether something, whether a vote was taken that was unauthorized pursuant to ecclesiastical rules, and whether a name change was unauthorized, definitely goes to whether there was a schism within the congregation that would qualify this situation for the insured versus insured exclusion from coverage. And I do believe that that was another reason that the district court opinion mentioned the unauthorized nature of the vote that was alleged in the state court complaint. I.e., the court emphasized it to show that there had in fact been no separation. That there was a power struggle, an internal power struggle. Within one entity. Exactly. Within the church. And this case in some ways, if I had to boil it down to a one minute summary, the great American policy at issue in this case fundamentally removes internal power struggles from coverage. And that is, in our view, sufficient to affirm the district court's opinion in this case and dismissal of the plaintiff's claims. So, in taking a step back and looking at the district court's decision in this case, what that decision said was, regardless of how the state court case came out, regardless of whether the NCC was who it said it was to be, or because the insured versus insured exclusion applied to defeat coverage in this case. So, there was no fact-finding performed at the district court level. And all that the district court did was take the state court case allegations and match them up to the policy provisions, which is exactly what it was required to do to determine whether there was a duty to defend in this case. The district court denied the plaintiff's motion for summary judgment as moot, but it bears noting that the materials that the plaintiffs themselves submitted in support of their motion for summary judgment further support the fact that there is no claim here. While initially not presented to the district court in the complaint, the district court submitted a summary judgment agreement in which the claims before the district court below were unequivocally released. This, while it appears that the appellant is not pressing this on appeal, it would be an issue on remand. This is not a case that could be The plaintiffs appear to claim that Twombly does not apply to breach of contract cases. On page 22 of their opening brief, plaintiffs argue that the district court erred in applying the plausibility standard set forth in Twombly. According to the plaintiffs, the Twombly holding was limited to The plaintiff's assertion badly misstates the current state of the law. Twombly retired Conley's no set of facts language and adopted the current plausibility standard for motions made pursuant to Rule 12b-6. Under Twombly, the relevant question is whether, assuming the factual allegations are true, the plaintiff has stated a ground for relief that is plausible. I actually don't see what Twombly has to do with this. We are applying a state court rule and the state court rule says you look at the complaint, you compare it against the policy, and then you decide whether there is a duty to defend or not. It may be that the other material was put in on the indemnification question, it may be that it was put in on the release question, but for purposes of the duty to defend, you merely look at the complaint filed in the state court case. I agree, Your Honor. Twombly applies insofar as this was a dismissal granted on 12b-6 grounds and the plaintiff's allegations in their district court complaint had to meet the plausibility standard. And the district court found that it did not meet the plausibility standard. And to the extent there is any dispute over what Rule 12b-6 standard applies here, I didn't want to leave it unsaid that the Twombly standard applies, the plausibility standard applies, and not Conley's no-set-of-facts or no-displeading standard. In closing, I think this is a case where every avenue leads to dismissal. There are multiple grounds on which the district court cited and some which it didn't for dismissal. Here, the corporate plaintiff did not exist when coverage was sought. Even if it did, it wasn't the entity insured under the policy. And even if it was the entity insured under the policy, the insured versus insured exclusion applied to defeat coverage. You can go through the same analysis with respect to the policy. And even if they did, they were not sued for actions undertaken on behalf of the insured organization, which is a requirement under the policy. And even if they were, again, we arrive at the insured versus insured exclusion, which would defeat coverage. The NPC, the actual named insured on this policy, was on the other side of the V. Any way you slice this case, you arrive at the insured versus insured exclusion, which defeats coverage. For these reasons, the district court's dismissal should be affirmed. And if the court has no further questions, I would rest on the briefs. Thank you. One minute. Thank you, Your Honor. So I wanted to just point out the language specifically of the insured versus insured exclusion. It excludes claims by or for the benefit of or at the organization or any subsidiary. It doesn't mention the individual insured. The individual insured are insured persons under the policy. It's very broadly worded. Number two is the Presbyterian Boston was a plaintiff in the underlying case. They don't qualify for purposes of the insured versus insured exclusion. I would refer the court to 2012 The entire case must be defended by the insurance company. And that's what applies here. Third, it's pretty clear that the insurer's position is that they get to prejudge the outcome. If I could finish my question. Thank you.